THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUILD GROUP, INC., and VIRGINIA
STREET JOINT VENTURE, LLC,

                Plaintiffs,

    v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                Defendant.

CASE NO. C26-0448-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion to strike Defendant's affirmative defenses (Dkt. No. 14). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

Defendant's answer to Plaintiff's insurance coverage suit includes 833 affirmative defenses. (*See* Dkt. No. 7 at 14–150.) Plaintiffs move to strike each on the grounds they are excessive, insufficient, redundant, inconsistent, and/or not defenses in the first place. (*See* Dkt. No. 14 at 8.) Indeed, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. R. 12(f). In general, "the function of a [Rule] 12(f) motion [] is to avoid the expenditure of time and money that must arise from litigating spurious issues . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th

ORDER
C26-0448-JCC
PAGE - 1

Cir. 1983).

While motions to strike are generally disfavored, "defenses which would tend to significantly complicate the litigation are particularly vulnerable to a motion to strike." *SEC v. Gulf & Western Indus., Inc.*, 502 F.Supp. 343, 345 (D.D.C. 1980). Although, "[g]ranting a motion to strike may be proper if it will make trial less complicated." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011). This would include avoiding the need to sift through clearly unnecessary affirmative defenses, including an excessive number (regardless of their substance). For example, "forty-nine affirmative defenses . . . is an excessive response" to a "straightforward" complaint. *Woodward v. Gen. Motors, LLC*, 2025 WL 3516789, slip op. at 2 (M.D. Pa. 2025.) Here, of course, the Court is presented with far more than the typical number of affirmative defenses—833 to be exact. (Dkt. No. 7 at 14–150.) This is clearly excessive, particularly when in response to five straightforward coverage-based claims. At a minimum, Defendant's answer violates Rule 8's requirement for a "[c]oncise and [d]irect" pleading. Fed. R. Civ. P. 8(d). Were the Court to allow such a deluge of affirmative defenses, substantial resources would be expended by all wading through the resulting written discovery and motions practice.

For the foregoing reasons, Plaintiffs' motion (Dkt. No. 14) is GRANTED. In accordance with this order, the Court STRIKES Defendant's affirmative defenses Nos. 1–833 from Defendant's answer but provides Defendant leave to file an amended answer within 14 days from the issuance of this order. The Court strongly encourages Defendant to be more judicious of the Court's limited time in crafting an amended answer.

DATED this 30th day of June 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-0448-JCC
PAGE - 2